## 57603. BENTON v. THE STATE.

SHULMAN, Judge.

This is an interlocutory appeal from the trial court's denial of defendant-appellant's motion to dismiss an indictment on the grounds of double jeopardy. We affirm.

As there is insufficient evidence in the record to determine whether or not a final disposition was made of the traffic violations with which defendant was charged on July 29, 1978 (prior to his indictment for the offense of habitual violator in August of 1978), *State v. Gilder,* 145 Ga. App. 731 (245 SE2d 3), affd. 242 Ga. 285 (248 SE2d 659), cannot control this appeal.

Appellant's contentions to the contrary notwithstanding, the record indicates a bond forfeiture, rather than a final disposition of those misdemeanors which formed the basis for defendant's indictment for the habitual violator felony proscribed by Code Ann. § 68B-308 (c). As the forfeiture of a cash bond for any person arrested for violation of the traffic laws of this state "shall not be a bar to a subsequent prosecution of the arrested person for such violation" (Code Ann., § 27-511) such forfeiture does not constitute a prior disposition so as to bring appellant within the protective parameters of § 26-506 (b).

In the absence of the showing of a final disposition, we are constrained to reject appellant's contention that the prosecution for violating Code Ann. § 68B-308 (c) is barred by reason of double jeopardy.

*Judgment affirmed. Deen, C. J., and McMurray, P. J., concur.*

ARGUED APRIL 3, 1979 — DECIDED JULY 10, 1979.

*Robert W. Allen,* for appellant.
*Joseph H. Briley, District Attorney, J. Reginald Poss,*

*Assistant District Attorney,* for appellee.