## 67215. PARKER v. TURK et al.

BANKE, Judge.

This appeal is from an order of the Superior Court of Hall County dismissing appellant's petition for a writ of certiorari to appeal an order of the Municipal Court of Gainesville. The municipal court order had set aside bail forfeitures entered on traffic charges against the appellant for speeding, attempting to elude an officer, and reckless driving. All of these charges were connected with a collision which had resulted in the death of the appellees' son, and it was the appellees who sought to have the bail forfeitures set aside, apparently so that the charges could be transferred to the State Court of Hall County to be disposed of in conjunction with other charges against the appellant which were pending there. The City of Gainesville joined in the motion.

The appellant, who was named as the defendant in the action to relieve the forfeitures, argues that the bond forfeitures amount to a final disposition of the charges in question and that the trial court's order consequently violates his constitutional protection against double jeopardy.

There was testimony from the clerk of the municipal court that the bail forfeitures occurred as the result of an administrative error and in violation of a rule of the municipal court which required that all traffic cases involving a fatality be brought to court for disposition. *Held:*

OCGA § 17-6-8 (Code Ann. § 27-511) provides that, in cases

involving the traffic, game, fish, boating, or litter laws, where no judgment is entered "ordering the case disposed of and settled, the forfeiture of the cash bond shall not be a bar to a subsequent prosecution..." See also *Benton v. State,* 150 Ga. App. 647 (258 SE2d 298) (1979). While the judgment of the municipal court could otherwise be affirmed on the basis of these authorities, we hold that, because that order is technically favorable to the appellant, it provided no basis for appeal. See *Stone v. State,* 158 Ga. App. 511 (281 SE2d 278) (1981). Any double jeopardy considerations which may exist regarding these violations are properly for determination in any subsequent trial which may be held.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 18, 1983 —
REHEARING DENIED DECEMBER 2, 1983 — 

*Michael R. Casper,* for appellant.
*J. Randall Frost, Charles W. Stephens, Ann A. Shuler, Charles S. Wynne,* for appellees.