**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**October 20, 2020**

# In the Court of Appeals of Georgia

A20A1431. JANE DOE v. VAUGHN.                              DO-050

DOYLE, Presiding Judge.

In 2011, Jane Doe was charged with affray,[1] and she entered a plea in the Municipal Court of Hawkinsville. In 2019, she filed a civil petition in Pulaski County Superior Court to modify her 2011 sentence to provide for retroactive first offender status pursuant to OCGA § 42-8-66 (a) (1) and to seal her criminal record pursuant to OCGA § 42-8-62.1 (c). Following a hearing, the superior court dismissed Doe's petition, finding that it lacked authority to consider the relief sought. Doe appeals the dismissal, and for the reasons that follow, we reverse and remand the case.

---

[1] OCGA § 16-11-32 (a) (An affray, a misdemeanor, "is the fighting by two or more persons in some public place to the disturbance of the public tranquility.").

The relevant facts are not in dispute. In 2011, Doe was charged with affray; she was 16 years old at the time. According to her affidavit, Doe "accepted a plea based on a bond forfeiture of $254.50 for [that] offense in the Municipal Court of Hawkinsville[, and n]o further action was taken by [that c]ourt." The Hawkinsville Municipal Court was abolished on June 30, 2015, and according to a letter from a Hawkinsville city accountant, "[a]ll cases were dismissed on that date."[2]

On November 13, 2019, Doe filed a petition to modify her 2011 sentence to provide for retroactive first offender status pursuant to OCGA § 42-8-66 (a) (1) and to seal her record related thereto pursuant to OCGA § 42-8-62.1 (c). Therein, Doe stated that she qualified to be sentenced as a first offender for the 2011 charge, but she was not informed of her eligibility at that time. The petition also stated that Doe's

---

[2] Doe filed in the record a copy of her disposition from the municipal court, which states that the court accepted her plea and contains the handwritten words: "Bond Forfeit - $254.50." As the superior court noted in its order dismissing Doe's petition, however, the disposition was not signed by the judge. The superior court did not rule on the issue of whether a bond forfeiture constitutes a conviction for purposes of OCGA § 42-8-66. Pretermitting whether the unsigned disposition indicating that the municipal court accepted Doe's plea in exchange for her bond forfeiture constituted a conviction, compare *Benton v. State*, 150 Ga. App. 647 (258 SE2d 298) (1979) (holding that a bond forfeiture for a habitual violator felony charge does not constitute "a final disposition" barring a subsequent prosecution), the abolition of the municipal court included a dismissal of all pending cases, bringing this case within the protections offered by OCGA § 42-8-66.

2

counsel provided a copy of the petition to the Chief Assistant District Attorney, who did not voice any objection to the filing of the petition. According to Doe, she has taken educational courses qualifying her to be a licensed practical nurse, but the licensing board will not consider her application because of her conviction. Therefore, she alleges, retroactive first offender sentencing and sealing her record would enable her to obtain employment.

At the hearing on Doe's petition, her attorney advised the superior court that the Chief Assistant District Attorney told him during a telephone call that he did not object to Doe filing the petition. The State, who was represented by the District Attorney, responded: "The State doesn't consent to anything. And, you know, we don't tell who to file and who not to file things. And we certainly don't consent to any aspect of this petition."

Following the hearing, the superior court dismissed Doe's petition to modify her sentence, concluding that because she was not sentenced by the superior court, it had no authority to consider her request. The court further found that "the lack of objection" by the Chief Assistant District Attorney alleged by Doe's counsel "does not satisfy the [threshold] requirement that the prosecuting attorney consent to the petition in this instance." This appeal followed.

3

1. Doe argues that the superior court erred by dismissing her petition on the basis that it lacked authority to modify her sentence because it was not the sentencing court. We agree.

OCGA § 42-8-66 (a) (1) provides: "An individual who qualified for sentencing pursuant to this article but who was not informed of his or her eligibility for first offender treatment *may*, with the consent of the prosecuting attorney, *petition the court in which he or she was convicted* for exoneration of guilt and discharge pursuant to this article."[3]

The superior courts of this State have concurrent jurisdiction with municipal courts over misdemeanors.[4] OCGA § 15-6-8 (4) (B) provides that "superior courts

---

[3] (Emphasis added.) Former OCGA § 42-8-66 (a) (1) stated that an individual could file a petition under this Code section in "the superior court in the county in which he or she was convicted." The statute was amended in 2018 to say in "the court in which he or she was convicted." See Ga. L. 2018, p. 550, § 2-15/SB 407.

[4] See *Govert v. State*, 257 Ga. App. 80, 81-82 (570 SE2d 393) (2002); *Allen v. State*, 85 Ga. App. 887 (1) (70 SE2d 543) (1952) ("'The superior courts have ever in our history been the great reservoir of judicial power — the aula regis, as it were — in which the judicial powers of the State were vested, and however other courts might be erected as a relief to it, to take cognizance of minor matters, the practice has been uniform to retain in this tribunal concurrent, and generally, even supervisory power over them.'"); *Smith v. State*, 62 Ga. App. 733 (9 SE2d 714) (1940) ("Superior courts of this State have concurrent jurisdiction with all inferior courts of misdemeanors. . . .").

4

have authority . . . [t]o exercise a general supervision over all inferior tribunals and to review and correct, in the manner prescribed by law, the judgments of . . . municipal courts. . . ."

> Generally, where several courts have concurrent jurisdiction of the same offense, the court first acquiring jurisdiction of the prosecution retains it to the exclusion of the others, so long as it does not voluntarily and legally abandon it. However, [if] the court first acquiring jurisdiction voluntarily and legally dismisses or abandons the prosecution, the other court regains the right to exercise its jurisdiction, [because the] accused has no vested rights to be tried in any particular court.[5]

Here, the parties do not dispute that the Hawkinsville Municipal Court was abolished in 2015, at which time all cases were dismissed.[6] Therefore, because the

---

[5] (Punctuation omitted.) *Nobles v. State*, 81 Ga. App. 229, 230 (58 SE2d 496) (1950).

[6] Doe alleges in her brief on appeal that the Municipal Court of Hawkinsville was abolished by a city ordinance. But "[c]ity . . . ordinances must be alleged and proven in order to be considered by the superior and appellate courts of this State. The proper method of proving a city ordinance is production of the original ordinance or a certified copy thereof. Neither the superior courts nor the appellate courts can adjudicate a claim or defense based on a city ordinance unless the ordinance has been properly presented." *Whitfield v. City of Atlanta*, 296 Ga. 641, 641-642 (769 SE2d 76) (2015) (citations omitted). Nevertheless, because the State does not dispute that the Municipal Court was abolished and because neither party is attempting to enforce or challenge the abolishing ordinance, her failure to prove the ordinance is not fatal to her claim in this particular instance. Compare id. (vacating judgment purporting to

5

municipal court abandoned prosecution of Doe's 2011 charges, the Superior Court regained the right to exercise its concurrent jurisdiction to consider her petition to modify her 2011 sentence to provide for first offender status pursuant to OCGA § 42-8-66 (a) (1). Accordingly, the superior court erred by dismissing Doe's petition on the ground that it lacked the authority and jurisdiction to grant the relief sought.

2. Doe also contends that the superior court erred by finding that she did not meet the "threshold requirement" that the State consent to the petition. Again, we agree.

OCGA § 42-8-66 (a) (1) provides that a defendant seeking retroactive first offender status "may, with the consent of the prosecuting attorney, petition the court in which he or she was convicted for exoneration of guilt and discharge. . . ." The statute does not require that the State consent to the relief sought, but instead that it consent to the filing of the petition.[7] If the petitioner meets this threshold requirement, the trial court is required to hold a hearing "if requested by the petitioner or prosecuting attorney or desired by the court."[8]

---

adjudicate constitutionality of ordinance that was not proved).

[7] See *White v. State*, 302 Ga. 69 (1) (805 SE2d 25) (2017).

[8] OCGA § 42-8-66 (b). See *White*, 302 Ga. at 69 (2).

In this case, Doe's petition, filed on November 13, 2019, stated that she had provided the Chief Assistant District Attorney with a copy of the petition, and he "did not voice any objection to [her attorney] to the filing of this [p]etition. Petitioner's counsel is of information and belief that the District Attorney does not object to the filing of this [p]etition." The summons issued by the Clerk of Court advised the State that it was required to file an answer within 30 days after service of the summons.[9] On November 25, 2019, the superior court issued an order scheduling the hearing for January 6, 2020. The record does not contain an answer, objection, or any other pleading filed by the State.

At the January 2020 hearing, Doe's attorney advised the superior court that the Chief Assistant District Attorney told him on a phone call "that he did not object to [Doe] filing the petition." The District Attorney did not offer evidence to contradict Doe's attorney's representation regarding his conversation, nor did he deny that it occurred. Instead, he stated that "the State doesn't consent to anything. And, you

---

[9] The record does not contain proof of service of the summons, but it does contain a certificate of service indicating that Doe "served" a copy of the petition on the prosecuting attorney via first class mail on October 21, 2019. Because the State does not challenge the sufficiency of such service, we do not address it.

know, we don't tell who to file and who not to file things. And we certainly don't consent to any aspect of this petition."

OCGA § 42-8-66 (a) (1) does not require that the petitioner obtain the written consent of the prosecuting attorney, and we decline to impose such a requirement in the absence of a statutory mandate. In this case, given the State's failure to file any pleading objecting to Doe's filing of the petition or to deny her attorney's representation in the petition and at the hearing that the Chief Assistant District Attorney received a copy of the petition and did not object to her filing it, we conclude that the superior court erred by dismissing Doe's petition on the basis that it was filed without the consent of the prosecuting attorney.

Accordingly, we reverse and remand the case for the court to determine whether to grant Doe retroactive first offender treatment and discharge her pursuant to OCGA § 42-8-66 (d).

*Judgment reversed and case remanded. McFadden, C. J., and Hodges, J., concur fully and specially*.

A20A1431. DOE v. VAUGHN.

HODGES, Judge.

I concur fully with the majority opinion. I write separately because I am sympathetic to the plight of individuals whose youthful and misdemeanor first offenses subsequently inhibit their ability to obtain gainful employment. In this vein, I believe it is important to consider the goals our General Assembly has articulated in its recent enactments of reforms to our criminal justice system.

As the majority notes, Jane Doe avers that her education qualifies her to be a licensed practical nurse, but the licensing board will not consider her application because of a crime she committed when she was just 16 years old. Directly aligned

with Doe's situation, some of the General Assembly's criminal justice reforms have been enacted through amendments to Title 42, which contains the statutes at issue here. Those reforms include restrictions on the dissemination of criminal history information and limits on public access to sentencing information under the First Offenders Code.

In particular, SB 367, effective July 1, 2016, specifically provides that its purpose is to establish "comprehensive reform for offenders entering, proceeding through, and leaving the criminal justice system so as to *promote an offender's successful reentry into society*[.]" (Emphasis supplied.) In this vein, OCGA § 42-8-66 (a) (1) provides that an individual sentenced pursuant to this article but not informed of his or her eligibility for first offender status "may, *with the consent of the prosecuting attorney*, petition the court . . . for exoneration of guilt and discharge . . . ." (Emphasis supplied.)

When confronted with a situation in which a person's youthful misdemeanor later hinders her from achieving the employment goal for which she strives and from which our society may benefit, I would remind Georgia prosecutors of the discretion given to them by OCGA § 42-8-66 (a) (1) to fulfill the very important objective

2

articulated by our General Assembly – that is, to "promote an offender's successful reentry into society."

I am authorized to state that Chief Judge McFadden joins in this special concurrence.