## S97A1596. BALLARD v. THE STATE.
(494 SE2d 644)

FLETCHER, Presiding Justice.

A jury convicted Rico Lamar Ballard of murder and aggravated assault in the shooting death of Jason Pitts.[1] He appeals and challenges several evidentiary rulings. Because the trial court's rulings were not erroneous, we affirm.

The evidence at trial showed that Ballard's aunt, Valerie Ballard, reported to the police that she and a friend had been robbed of five dollars at gunpoint. After they pointed out Pitts as the perpetrator, the police apprehended Pitts, checked him for weapons and finding none, brought him back to where Ms. Ballard and her friend were standing. Ms. Ballard repeatedly declined to prosecute, saying that Pitts owed her five dollars, but that "no one needed to go to jail over this." Pitts denied robbing the couple, but admitted owing Ms. Ballard money. The police witnessed Pitts repay Ms. Ballard five dollars, then cited him for trespass, told him to stay away from Ms. Ballard, and released him. After the police left, Ballard woke up his co-defendant Ronald McNair,[2] and set out after Pitts. Ballard was armed with two handguns and McNair with a shotgun. Two eyewitnesses testified that when Ballard and McNair came upon Pitts, Ballard shot Pitts multiple times. Pitts died of gunshot wounds to the head and chest.

1. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Ballard guilty of the crimes charged beyond a reasonable doubt.[3] Whether the facts and circumstances established provocation sufficient for voluntary manslaughter was for the jury's consideration.

2. Ballard's girlfriend testified that Ballard threatened to beat her if she did not lie to police and tell them she had walked Ballard to the bus stop after the shooting. This evidence was admissible to show Ballard's consciousness of guilt and, therefore, the trial court did not err in admitting it.[4]

---

[1] The crimes occurred on September 10, 1995. A grand jury indicted Ballard on October 31, 1995 for malice murder, felony murder, and aggravated assault. Following a jury trial, Ballard was found guilty on all counts and on June 28, 1996, the trial court sentenced him to life in prison for malice murder, the felony murder count having been vacated as a matter of law. Ballard filed his motion for new trial on July 8, 1996, and amended it on March 20, 1997. The trial court denied the motion on May 6, 1997. Ballard filed his notice of appeal on June 2, 1997 and his amended notice on June 16, 1997. The case was docketed in this court on June 26, 1997. It was submitted for decision without oral argument on August 18, 1997.

[2] The trial court granted McNair's motion for directed verdict of acquittal.

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] See *Ross v. State*, 255 Ga. 1, 3 (334 SE2d 300) (1985) (evidence that accused attempted to obstruct justice is admission of consciousness of guilt by conduct); see also Edward J.

3. The trial court excluded evidence regarding the police department's internal affairs investigation into the conduct of the officers who apprehended Pitts and then let him go. The jury, however, was able to consider fully evidence regarding the police officers' actions in apprehending a man accused of armed robbery and then letting him go and the effect of these actions on Ballard. Therefore, the trial court did not abuse its discretion in excluding the evidence of the after-the-fact investigation.

4. Ballard contends that the trial court erred in permitting testimony regarding identification of Ballard through a photographic line-up because he had not received evidence of the line-up. The record reflects, however, that Ballard had the opportunity to inspect and copy the line-up information and that the state complied with its obligations under O.C.G.A. § 17-16-4 (a). Therefore, the trial court did not err in admitting the evidence.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 26, 1998.

*Rodney S. Zell,* for appellant.

*Paul L. Howard, District Attorney, Bettieanne C. Hart, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Deborah L. Gale, Assistant Attorney General,* for appellee.

---

Imwinkelried, *Courtroom Criminal Evidence* § 1105 (2d ed.) (evidence of defendant's subornation of a witness's perjury is relevant circumstantial evidence of guilt).