**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 6, 2017**

# In the Court of Appeals of Georgia

A17A0569. BISHOP v. THE STATE.

BRANCH, Judge.

In 2015, fifteen years after her conviction for possession of cocaine, Danielle Bishop filed a petition for the retroactive grant of first offender status under subsection (d) of OCGA § 42-8-66, a procedure which was added to the statute in 2015 and became effective on July 1, 2015.[1] The trial court dismissed the motion on the ground that the petition was not available as to sentences entered before its effective date. On appeal, Bishop argues that the trial court should have considered her motion on the merits. We disagree and therefore affirm.

---

[1] See 2015 Ga. L. Act 73 (H. B. 310), § 6-1 ("This Act shall become effective July 1, 2015, and shall apply to sentences entered on or after such date.") In 2016, the General Assembly again amended the first offender statutes, including OCGA § 42-8-66, in ways not relevant here. See 2016 Ga. L. Act 460 (S. B. 367), § 6A-1.

The relevant facts are not in dispute. On February 3, 2000, Bishop pled guilty to a felony charge of possession of cocaine and was sentenced to two years probation. On October 20, 2015, having found that her conviction appeared on a background check in Nevada, Bishop filed a petition "to resentence [her] felony conviction" under the First Offender Statute and OCGA § 42-8-66. The State responded to Bishop's motion with arguments including that because the Act provides that it "shall apply to sentences entered on or after" July 1, 2015, and because Bishop's sentence was entered before that date, the petition and procedures authorized by the statute were not available to her. After a hearing, the trial court dismissed Bishop's petition on this ground. Bishop then filed a timely notice of appeal in which she asserted that the trial court's order was "a final judgment of the Superior Court" such that this Court had jurisdiction over the appeal.

Bishop argues that the trial court erred when it failed to consider the merits of her petition for retroactive application of first offender treatment. We disagree.

Bishop brought her petition pursuant to OCGA § 42-8-66, which provides in relevant part as follows:

> (a) An individual who qualified for sentencing pursuant to this article but who was not informed of his or her eligibility for first offender

2

treatment *may, with the consent of the prosecuting attorney, petition the superior court in the county in which he or she was convicted for exoneration of guilt and discharge* pursuant to this article.

. . .

(c) In considering a petition pursuant to this Code section, the court may consider any: (1) Evidence introduced by the petitioner; (2) Evidence introduced by the prosecuting attorney; and (3) Other relevant evidence. (d) The court *may* issue an order retroactively granting first offender treatment and discharge the defendant pursuant to this article *if the court finds by a preponderance of the evidence that the defendant was eligible for sentencing under the terms of this article at the time he or she was originally sentenced and the ends of justice and the welfare of society are served by granting such petition*.

(Emphasis supplied.)

The question we face is a simple one: whether the 2015 Act's command that it "shall apply to sentences entered on or after" July 1, 2015, necessarily means that the petition authorized by OCGA § 42-8-66 (d) is not available to defendants whose sentences were entered before that date. 2015 Ga. L. Act 73, § 6-1.

> [I]n considering the meaning of a statute, our charge as an appellate court is to presume that the General Assembly meant what it said and said what it meant. . . . [T]oward that end, we must afford the statutory text its plain and ordinary meaning, consider the text contextually, read the text in its most natural and reasonable way, as an ordinary speaker of the English language would, and seek to avoid a construction that makes some language mere surplusage. . . . [W]hen the language of a

3

statute is plain and susceptible of only one natural and reasonable construction, courts must construe the statute accordingly.

*In re Whittle*, 339 Ga. App. 83, 86 (1) (793 SE2d 123) (2016) (footnotes and punctuation omitted). We have seen no law suggesting that because the section of a law setting its effective date is, as here, not codified (see OCGA § 42-8-66, 2016 Supplement to Volume 29A [2014 edition], p. 110), that section has less dignity or force than other sections of the same law. On the contrary, at least one federal court considering this issue has concluded that even when the effective date of a statutory amendment was not codified, "it was enacted, and [thus] has the force of law." *Patten v. United States*, 116 F3d 1029, 1033, n. 3 (4th Cir. 1997).

Here, the General Assembly instructed that the Act, including OCGA § 42-8-66 (d), "shall apply to sentences entered on or after" July 1, 2015, and so we conclude that the petition authorized by OCGA § 42-8-66 (d) is not available to defendants whose sentences were, like Bishop's, imposed before that date.

Bishop seeks to avoid this conclusion by emphasizing the remedial purpose of H. B. 310 and by arguing that a trial court's grant of first offender status is a matter of legislative grace that does not affect any vested rights. See, e. g., *Canton Mills v. Lathem*, 253 Ga. 102, 105 (317 SE2d 189) (1984) (the legislature could revive a

4

workers' compensation claim which would have been barred by a previous limitation period by enacting a new statute of limitation without violating the constitutional prohibition against retroactive laws). As our Supreme Court noted in *Canton Mills* itself, however, the "general rule" is that "laws prescribe only for the future" and will be given retrospective operation only when "the language imperatively requires it, or when an examination of the act as a whole leads to the conclusion that such was the legislative purpose." Id. at 103; see also *Mosley v. Lowe*, 298 Ga. 363, 365 (1) (782 SE2d 43) (2016) (applying an amended statute retroactively when "the clear and unambiguous terms of the amended statute provide for its applicability to arrests pre-dating" the amendments' effective date). In this case, the law clearly applies only to sentences entered after July 1, 2015. That this result may not comport with what Bishop perceives to be the remedial purpose of the statute is an argument properly directed to the General Assembly rather than this Court. See *Allen v. Wright*, 282 Ga. 9, 14 (3) (644 SE2d 814) (2007) (if a statute could be "amended or rewritten so as not to be preempted" by federal law, "that is the responsibility of the General Assembly and not the courts"); *Whittle*, 339 Ga. App. at 88-89 (1).

The trial court did not err when it dismissed Bishop's petition.

*Judgment affirmed. McFadden, P. J., and Bethel, J., concur fully and specially.*

5

A17A0569. BISHOP v. THE STATE.

MᴄFᴀᴅᴅᴇɴ, Presiding Judge, concurring fully and specially.

I concur fully. The effective date provision is not ambiguous: OCGA § 42-8-66 is "effective July 1, 2015, and shall apply to sentences entered on or after such date." 2015 Ga. L. Act 73 (H. B. 310), § 6-1. I nevertheless suspect — and write separately to draw to the General Assembly's attention the possibility — that we are enforcing an unintended consequence.

The effective date provision is the penultimate sentence of a 65-page act. That act extensively modifies the law of probation, particularly the imposition of probated sentences in the first instance. See 2015 Ga. L. Act 73 (H. B. 310), § 1-1, enacting OCGA §§ 42-3-52, 42-3-112; § 3-2, enacting OCGA §§ 42-8-102, 42-8-103, 42-8-104; § 4-1, amending OCGA §§ 42-8-34, 42-8-35, 42-8-35.1, 42-8-35.2, 42-8-35.3, 42-8-35.4, 42-8-35.5, 42-8-35.6, 42-8-35.7, 42-8-39; but see amendments to OCGA §§ 42-8-34, 42-8-38 (provision for revocation of probation). It would make no sense to retroactively modify statutes governing the imposition of sentences, and any such

modifications would be constitutionally suspect. See Ga. Const. of 1983, Art. 1, Sec. 1, Par. X.

But I see no constitutional impediment to extending the relief afforded by OCGA § 42-8-66 to persons sentenced before July 1, 2015. When Bishop was sentenced, OCGA § 42–8–61 directed that she be "informed of the terms of [the First Offender Act] at the time of imposition of sentence." See Ga. L. Act 73 (2015) (H.B. 310), § 5-74. OCGA § 42–8–61 was amended and expanded in the act before us, but not fundamentally altered. Id. OCGA § 42-8-66 was enacted to provide relief for persons who were not afforded the information to which they were entitled under § 42–8–61. I see no reason to imagine that worthy candidates for that relief are rarer among persons sentenced before July 1, 2015, than after.

A17A0569. BISHOP v. THE STATE.

BETHEL, Judge, concurring fully and specially.

Any attempt to discern legislative intent beyond the express language passed by a legislative body is as practical and productive as attempting to nail Jello to the wall. Further, it is not fitting for the judicial branch to endeavor to "correct" the errors of the legislative branch other than in cases where the legislative branch has exceeded the authority granted it by the people. For these reasons, I concur fully in Judge Branch's opinion.

Like Presiding Judge McFadden, I write separately to draw the attention of the General Assembly to this issue. Any responsible and engaged citizen of Georgia over the last seven years has seen the dramatic transformation of our criminal justice laws and systems. Ms. Bishop believes she is in the class of people this transformation was intended to positively affect. If so, the General Assembly has work left on this front.