302 Ga. 69
FINAL COPY

S17A0874. WHITE v. THE STATE.

BOGGS, Justice.

In 1992, Cynthia White was found guilty of felony murder and cruelty to children in the death of her three-year-old son. We affirmed her convictions in White v. State, 265 Ga. 392 (456 SE2d 587) (1995). In July 2016, White filed a pro se "Petition for Resentencing Under the First Offenders Act." She now appeals from the trial court's denial of that motion. We affirm.

1. White argues on appeal that she was eligible for first offender treatment pursuant to OCGA § 42-8-66, which provides for the retroactive exoneration of guilt and discharge under certain circumstances. OCGA § 42-8-66 (a) sets forth two categories of individuals who may seek a petition in superior court for exoneration of guilt and discharge. Paragraph (a) (2) applies to individuals who were sentenced between March 18, 1968 and October 31, 1982. Paragraph (a) (1) applies to "[a]n individual who qualified for sentencing pursuant to this article but who was not informed of his or her eligibility for first offender

treatment[.]" White argues that she was not so informed and was eligible for first offender treatment at the time of her conviction. However, this paragraph provides further that such an individual "*may, with the consent of the prosecuting attorney, petition* the superior court in the county in which he or she was convicted for exoneration of guilt and discharge pursuant to this article." (Emphasis supplied.) The State argues that White's petition is invalid on its face and was properly denied without the need for a hearing or findings of fact and conclusions of law, because the prosecuting attorney (of Gwinnett County, where White was convicted) did not consent to the filing of the petition. And White has made no showing to the contrary. The trial court therefore did not err in denying her petition.[1]

2. White argues further that the trial court erred in failing to hold a hearing on the matter and enter findings of fact and conclusions of law in its order denying her petition. Although OCGA § 42-8-66 (b) requires the trial court to hold a hearing on the petition "if requested by the petitioner or prosecuting attorney or desired by the court," as explained above, White has not

---

[1] We express no opinion here on the Court of Appeals' holding in <u>Bishop v. State</u>, 341 Ga. App. 590 (802 SE2d 39) (2017), decided after the time for filing briefs in this case.

shown that she had the consent of the prosecuting attorney to meet the threshold

requirement for petitioning to the superior court. The trial court was therefore

not required to hold a hearing on the petition in this circumstance.[2]

Judgment affirmed.  All the Justices concur.

---

[2] Further, we find no authority requiring the trial court to include findings of fact and conclusions of law in an order issued pursuant to OCGA § 42-8-66.

Decided September 13, 2017.

Murder. Gwinnett Superior Court. Before Judge Rich.

Cynthia White, pro se.

Daniel J. Porter, District Attorney, Lee F. Tittsworth, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.