304 Ga. 67
FINAL COPY

S18A0998. BALLARD v. THE STATE.

BOGGS, Justice.

Rico Lamar Ballard appeals pro se from the Superior Court of Fulton County's denial of his motion and amended motion in arrest of judgment, which Ballard filed many years after his 1996 murder conviction. We do not reach the merits of Ballard's claims, however, because the trial court lacked jurisdiction and should have dismissed his motion and amended motion. We therefore vacate the judgment and remand with direction for the trial court to do so.

A jury found Ballard guilty of murder and aggravated assault in the September 1995 shooting death of Jason Pitts, and he was sentenced to life in prison. Following the denial of his motion for new trial, Ballard timely appealed, and this Court affirmed his convictions. Ballard v. State, 268 Ga. 895 (494 SE2d 644) (1998). He later filed several post-appeal motions in the trial court including a November 14, 2014 "Motion For An Arrest of Judgment," and an October 26, 2016 "Amended Motion For An Arrest of Judgment," in which he

claimed that his indictment and conviction were "fatally defective and void." The trial court denied these motions in a June 22, 2017 order.

Ballard now appeals, again arguing that the indictment was fatally defective and also asserting that the trial court erred in ruling on his motions without holding an evidentiary hearing. While a motion in arrest of judgment may generally be the proper vehicle to assert that a non-amendable defect appears on the face of the indictment, OCGA § 17-9-61 (a),[1] we need not decide the claims raised here, because Ballard's motion was untimely. "A motion in arrest of judgment must be made during the term at which the judgment was obtained." OCGA § 17-9-61 (b); see McGee v. State, 301 Ga. 169, 170-171 (800 SE2d 324) (2017).

Ballard was convicted on July 2, 1996, during the July term of court for the Fulton County Superior Court.[2] This term of court expired on September 2, 1996. Ballard filed the motion and amended motion in arrest of judgment more

---

[1] "A motion to arrest a judgment reaches only those defects appearing upon the face of the record and the 'face of the record' in a criminal case is the indictment, plea, verdict and judgment." (Citations omitted.) Gunn v. State, 227 Ga. 786, 787 (3) (183 SE2d 389) (1971).

[2] The terms of court for the Fulton County Superior Court begin on the "[f]irst Monday in January, March, May, July, September, and November." OCGA § 15-6-3 (3).

2

than 18 years after his conviction. Because they were not filed within the same term of court during which his conviction was entered, the trial court was without jurisdiction to rule on them, and rather than considering the merits of the motions and denying them, it should have dismissed them. See Moore v. State, 303 Ga. 743 (814 SE2d 676) (2018) (when trial court is presented with motion it lacks jurisdiction to decide, it should dismiss motion rather than deny); Mullins v. State, 291 Ga. 634, 635 (732 SE2d 83) (2012) (affirming trial court's dismissal of extremely untimely motion in arrest of judgment). We therefore vacate the trial court's judgment and remand this case with direction for the court to dismiss Ballard's motion and amended motion in arrest of judgment.

Judgment vacated and case remanded with direction. All the Justices concur.

Decided June 18, 2018.

Murder. Fulton Superior Court. Before Judge Brasher.

Rico L. Ballard, pro se.

Paul L. Howard, Jr., District Attorney, Lyndsey H. Rudder, Kevin C. Armstrong, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.