[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13881

Non-Argument Calendar

_____

RICO LAMAR BALLARD,

Plaintiff-Appellant,

*versus*

WARDEN JOSE MORALES,
GD&CP SMU, individual and official capacity,
DEPUTY WARDEN JOSEPH POLITE,
GD&CP SMU, individual and official capacity,
WARDEN BENJAMIN FORD,
GD&CP, individual and official capacity
DEPUTY WARDEN THERESA THORNTON,
GDCP, individual and official capacity,
DEPUTY WARDEN TOMMY COFFEE,

2                    Opinion of the Court                    21-13881

GDCP, individual and official capacity et al.,

Defendants-Appellees.

————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:21-cv-00138-MTT-CHW

————————————

Before LUCK, LAGOA, and BLACK, Circuit Judges.

PER CURIAM:

Rico Lamar Ballard, a state prisoner proceeding *pro se*, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint against 24 defendants, all of whom worked for the Georgia Department of Corrections (GA DOC). The district court concluded Ballard's claims were barred under *Preiser v. Rodriguez*, 411 U.S. 475 (1973), and *Heck v. Humphrey*, 512 U.S. 477 (1994), because Ballard was attempting to challenge the validity of his conviction and incarceration and sought his immediate release from state custody but had not demonstrated that his conviction had been overturned. Moreover, the district court found that Ballard's allegations that the Defendants falsely imprisoned and plotted to steal from him

were conclusory with no factual support.  After review,[1] we affirm the district court.

Section 1915A of the Prison Litigation Reform Act (PLRA) requires the district court to review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer.  28 U.S.C. § 1915A(a).  Upon review, the court should identify cognizable claims or dismiss the complaint or portions thereof that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).  "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

A § 1983 action cannot be used to collaterally attack a conviction or sentence unless the underlying conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87.  The Supreme Court clarified that prisoners "cannot use § 1983 to obtain damages where success *would necessarily* imply the unlawfulness of a (not

---

[1] We review *de novo* a *sua sponte* dismissal for failure to state a viable claim under 28 U.S.C. § 1915A. *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001).

previously invalidated) conviction or sentence," even if the prisoner is seeking injunctive relief. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Additionally, when a state prisoner challenges the very fact or duration of his imprisonment, and the relief he seeks is his immediate or speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser*, 411 U.S. at 500. Conversely, a § 1983 action is a proper remedy for a state prisoner making a constitutional challenge to the conditions of his imprisonment, but not to the fact or length of his custody. *Id.* at 499.

The district court did not err in dismissing Ballard's complaint as barred by *Preiser* and *Heck*. Ballard argues he is falsely imprisoned because his maximum release date has passed, and he has expressly requested his immediate release from prison. This claim is barred by *Preiser* because Ballard is seeking a determination that his sentence has maxed out and he should be immediately released. *See Preiser*, 411 U.S. at 500. Thus, the district court did not err in ruling his claim for immediate release from prison was inappropriately sought in a § 1983 action. *See id.*

Next, Ballard's claim for damages resulting from his alleged false imprisonment is barred by *Heck* because for him to prevail on this claim would require a finding his current sentence is invalid or unlawful. *See Heck*, 512 U.S. at 486-87. Notwithstanding his claims to the contrary, Ballard has not demonstrated his sentence has been invalidated. *See id.*; *Wilkinson*, 544 U.S. at 81-82. Ballard's Sentence Computation Report showed that in 1996 he received a life sentence for murder and noted no maximum release

date for that sentence. Although the sentence length and serve time reflected "0 Years, 0 Months, 0 Days," that does not suggest his sentence was invalid or vacated, but rather that a life sentence does not include a calculated number of years, months, or days of incarceration. In addition, Ballard's claim his maximum release date was March 21, 2020, is incorrect as to his life sentence for murder but is correct as to his five-year sentence, imposed in 2015, for aggravated assault on a peace officer.

Moreover, as the magistrate judge noted, according to the Georgia State Board of Pardons and Paroles, Inmate Tentative Parole Month website, Ballard is still under a life sentence. *See* www.pap.state.ga.us/InmateTPM. Although Ballard claims his conviction and sentence have been "discharged, vacated, commuted and declared null and void" in several proceedings, he does not provide a specific cite to any case that overturned his conviction or sentence, and the Georgia Supreme Court affirmed his conviction and life sentence in 1998. *See Ballard v. State*, 494 S.E.2d 644 (Ga. 1998). Thus, to the extent Ballard's claim for damages would imply his sentence is invalid, that claim is barred by *Heck*.

As to Ballard's claim the Defendants were involved in an elaborate plot to steal his money, property, and identity, even liberally construing his complaint, he did not meet the pleading requirements in Rule 8(a), which he was required to do. *See* Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim" showing the plaintiff is entitled

to relief, giving the defendant fair notice of what the claim is, and the grounds upon which it rests); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating *pro se* litigants must comply with the Federal Rules of Civil Procedure). Ballard alleged that GA DOC employees stole from him, allowed inmates to steal from him, and gave legal documents, identifying information, and bank account information to some inmates. He did not however, provide any factual support for those allegations, such as any specific information about how the Defendants stole his documents or money, the amount of money stolen, from what bank account, or the names of any of the inmates involved. Thus, his claims against the Defendants for participating in a plot to steal his money, property, and identity amounted to conclusory allegations and did not raise plausible claims for relief.[2] *See Bell Atl. Corp.*, 550 U.S. at 556 (stating a complaint must include enough factual matter that, taken as true, raises a reasonable expectation that discovery will reveal evidence supporting the grounds for relief); *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015) (stating *pro se* pleadings are liberally construed and held to less stringent standards than

---

[2] Even if Ballard had stated a plausible claim for relief related to the Defendants' plot to steal from him, he has not shown any due process violation because the State of Georgia provides an adequate remedy for the loss of his money or other property through filing a state court action. *See* O.C.G.A. § 51-10-6 (providing a remedy for willful damage to or theft of personal property); *Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991) (stating there is no procedural due process violation when there is some adequate post-deprivation remedy for a loss).

those drafted by lawyers, but they must still suggest some factual basis for a claim).

Lastly, Ballard's claim the Defendants failed to establish a system for him to challenge his sentence and failed to review and consider the fact he had maxed out his sentence is properly brought under § 2241 because he seeks to challenge the execution of his sentence, rather than its validity. *See Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008) (explaining challenges to the execution of a sentence, rather than to its validity, are properly brought under 28 U.S.C. § 2241).

**AFFIRMED.**