320 Ga. 617
FINAL COPY

S24A1368. SUMRALL v. THE STATE.

LaGrua, Justice.

In October 1992, Appellant Ammon Sumrall was convicted by a DeKalb County jury of felony murder, armed robbery, and other crimes arising out of the shooting death of Wade Barrett, Jr., on April 7, 1991.[1] The trial court sentenced Sumrall to serve an aggregate total of two life sentences to run consecutively, plus five

_____

[1] In November 1991, Sumrall was indicted by a DeKalb County grand jury for murder (Count 1), two counts of felony murder (Counts 2 and 3), three counts of armed robbery (Counts 4, 5, and 6), burglary (Count 7), three counts of aggravated assault (Counts 8, 9, and 10), impersonating a public officer (Count 11), and possession of a firearm during the commission of a crime (Count 12). A jury trial was held on September 25 through October 5, 1992. The jury found Sumrall not guilty on Counts 1 and 2, but guilty on the remaining counts. The trial court sentenced Sumrall to life in prison on the felony murder predicated on burglary count, life in prison to run consecutive on one of the armed robbery counts, life in prison to run concurrent on two of the armed robbery counts, ten years to run concurrent for each of the aggravated assault counts, five years to run concurrent on the impersonating a public officer count, and five years to run consecutive on the possession of a firearm during the commission of a crime count. Sumrall timely appealed his convictions to this Court, and we affirmed "as to all convictions and sentences except that with respect to burglary, which we vacate[d]." *Sumrall v. State*, 264 Ga. 148, 148 (442 SE2d 246) (1994) (noting that "[a] defendant may not be convicted of felony murder and also be convicted of the underlying felony which was alleged by the indictment to support the felony murder conviction").

consecutive years.

More than 30 years after Sumrall's convictions, he filed a pro se petition in the Superior Court of DeKalb County on October 20, 2023, seeking retroactive first-offender treatment based on the amendment to OCGA § 42-8-66,[2] which allows retroactive first-

[2] The current version of this statute provides:

> (a) (1) An individual who qualified for sentencing pursuant to this article but who was not informed of his or her eligibility for first offender treatment may, with the consent of the prosecuting attorney, petition the court in which he or she was convicted for exoneration of guilt and discharge pursuant to this article.
>
> (2) An individual who was sentenced between March 18, 1968, and October 31, 1982, to a period of incarceration not exceeding one year but who would otherwise have qualified for sentencing pursuant to this article may, with the consent of the prosecuting attorney, petition the court in which he or she was convicted for exoneration of guilt and discharge pursuant to this article.
>
> (b) The court shall hold a hearing on the petition if requested by the petitioner or prosecuting attorney or desired by the court.
>
> (c) In considering a petition pursuant to this Code section, the court may consider any:
>
> (1) Evidence introduced by the petitioner;
>
> (2) Evidence introduced by the prosecuting attorney; and
>
> (3) Other relevant evidence.
>
> (d) The court may issue an order retroactively granting first offender treatment and discharge the defendant pursuant to this article if the court finds by a preponderance of the evidence that the defendant was eligible for sentencing under the terms of this article at the time he or she was originally sentenced or that he or she qualifies for sentencing under paragraph (2) of subsection (a) of this Code section and the ends of justice and the welfare of

2

offender treatment in certain circumstances. Sumrall, who claimed

he was eligible for first-offender treatment at the time of his

convictions, asked the trial court to grant him an evidentiary

hearing and allow him to present evidence demonstrating that he

was eligible for first-offender treatment in 1992. In conjunction with

his petition, Sumrall filed a document entitled "Affidavit of Ammon

Ra Sumrall," which was neither signed nor notarized. Additionally,

Sumrall filed a motion requesting that the trial court declare OCGA

§ 42-8-66 (a) (1) unconstitutional, arguing that this provision of the

statute restricts his "access to the courts" and violates "his right to

---

society are served by granting such petition.

    (e) The court shall send a copy of any order issued pursuant to this Code section to the petitioner, the prosecuting attorney, the Georgia Crime Information Center, and the Department of Driver Services. The Georgia Crime Information Center and the Department of Driver Services shall modify their records accordingly.

    (f) This Code section shall not apply to a sentence that may be modified pursuant to subsection (f) of Code Section 17-10-1.

    (g) This Code section shall apply to any sentence entered on or after March 18, 1968.

    (h) There shall be no filing fee charged for a petition filed pursuant to this Code section.

OCGA § 42-8-66.

prosecute and defend his own cause" under the Georgia and United States Constitutions.

On February 6, 2024, the trial court entered an order dismissing Sumrall's petition for retroactive first-offender treatment on the basis that "the remedy sought is statutorily unavailable" and dismissing Sumrall's motion to declare the statute unconstitutional "due to lack of standing." However, on February 13, 2024, during the same term of court, the trial court vacated its February 6 order and entered an amended order. In the amended order, the trial court dismissed Sumrall's petition for retroactive first-offender treatment for his failure to procure "the necessary consent of the prosecuting attorney" prior to filing the petition as required by OCGA § 42-8-66 (a) (1). The trial court also denied Sumrall's motion to declare OCGA § 42-8-66 unconstitutional, concluding that Sumrall "failed to meet his burden to show that there is a clear and palpable conflict between [OCGA § 42-8-66] and the Georgia Constitution" and that Sumrall's "vague allegation that the code section violates the United States Constitution" had no

4

supporting argument or legal authority, other than a cite to the First Amendment and an unrelated case.

Sumrall filed a timely pro se notice of appeal to this Court on March 10, 2024. For the reasons that follow, we affirm.

1. Georgia's "First Offender Act[, OCGA § 42-8-60 et seq.,] is a unique act by which the legislature extends a form of grace to individuals who commit certain types of crimes." *Howard v. State*, 319 Ga. 114, 117 (2) (902 SE2d 551) (2024). Under the Act, "a first-time felony offender who enters a guilty plea may be sentenced to probation or confinement before an adjudication of guilt and without entering a judgment of guilt." Id. at 116-117 (2) (citation and punctuation omitted). See also *Davis v. State*, 269 Ga. 276, 277 (2) (496 SE2d 699) (1998) (explaining that the Act "protect[s] the first offender from the stigma of having a criminal record until an adjudication of guilt has been entered with regard to the crime for which the defendant was given first[-]offender treatment"). Subsection (a) of OCGA § 42-8-60, as amended in 2016, provides in relevant part:

When a defendant has not been previously convicted of a felony, the court may, upon a guilty verdict or plea of guilty or nolo contendere and before an adjudication of guilt, without entering a judgment of guilt and with the consent of the defendant, defer further proceedings and:

(1) Place the defendant on probation; or

(2) Sentence the defendant to a term of confinement.

OCGA § 42-8-60 (a).

The current version of OCGA § 42-8-60, see Ga. L. 2019, p. 808, § 7, prohibits a trial court from sentencing a defendant as a first offender if he or she "has been found guilty of . . . a serious violent felony as such term is defined in Code Section 17-10-6.1." OCGA § 42-8-60 (j) (1). See also OCGA § 17-10-6.1 (a) (1) (providing that "'serious violent felony' means: . . . [m]urder or felony murder, as defined in Code Section 16-5-1"). However, OCGA § 17-10-6.1 was not enacted until 1994, two years *after* Sumrall was convicted of felony murder, see Ga. L. 1994, p. 1959, § 11, and the 1992 version of OCGA § 42-8-60 did not include any such language. See Ga. L. 1982, p. 1807, § 1 and Ga. L. 1985, p. 380, § 1; compare *Fleming v. State*, 271 Ga. 587, 587 (523 SE2d 315) (1999) (holding that, "before

6

the statutory amendments, a defendant found guilty of a serious violent felony under OCGA § 17-10-6.1 was not precluded from requesting and obtaining first[-]offender treatment"). But we need not decide in this case whether, at the time of Sumrall's felony murder conviction, he could have been sentenced as a first offender under the 1992 version of OCGA § 42-8-60 because, even if he could have been sentenced pursuant to that statute at that time, he has failed to meet the requirements of OCGA § 42-8-66 (a) (1) for the trial court to now consider retroactive first-offender treatment in his case.

OCGA § 42-8-66 provides in pertinent part:

> An individual who qualified for sentencing pursuant to this article but *who was not informed of his or her eligibility for first offender treatment may, with the consent of the prosecuting attorney*, petition the court in which he or she was convicted for exoneration of guilt and discharge pursuant to this article.

OCGA § 42-8-66 (a) (1) (emphasis supplied). On appeal, Sumrall contends that, in 2023, his mother attempted to contact the DeKalb County District Attorney's Office on numerous occasions to obtain

the District Attorney's ("DA") consent for Sumrall to file a petition for retroactive first-offender treatment under OCGA § 42-8-66 (a) (1), but his mother was unsuccessful in doing so. Sumrall also claims that, after he filed his petition and served a copy on the State, no objections were filed to the petition. On this basis, Sumrall contends that the DA offered "implied consent" to the filing of his petition for retroactive first-offender treatment through the DA's inaction, and thus, the trial court erred in dismissing Sumrall's petition on the grounds that he did not have the necessary consent from the prosecuting attorney under OCGA § 42-8-66 (a) (1). We see no merit to Sumrall's claims.

Sumrall has failed to demonstrate — and essentially concedes in his briefing — that neither he nor any attorney appearing on his behalf obtained the DA's consent to his petition for retroactive first-offender treatment prior to filing the petition as the statute requires. See OCGA § 42-8-66 (a) (1). And, on appeal, the State argues that the petition for retroactive first-offender treatment was properly dismissed by the trial court without the need for a hearing because

8

the prosecuting attorney did not in fact consent to the filing of Sumrall's petition.

We have held that a petition for retroactive first-offender treatment is properly rejected by a trial court without a hearing where an appellant fails to demonstrate that the prosecuting attorney consented to the filing of the petition. Cf. *White v. State*, 302 Ga. 69, 69 (2) (805 SE2d 25) (2017) (holding that, where the appellant failed to disprove the State's argument that the petition was "invalid on its face" because "the prosecuting attorney . . . did not consent to the filing of the petition" — "the threshold requirement for petitioning to the superior court" — the trial court did not err in denying the appellant's petition for retroactive first-offender treatment without "hold[ing] a hearing on the matter and enter[ing] findings of fact and conclusions of law in its order denying [the] petition"). And the statute does not require the prosecuting attorney to file a response to a petition for retroactive first-offender treatment, and thus, the failure to respond cannot be considered a default or "implied consent" as Sumrall alleges. See OCGA § 42-8-

66 (a) (1).

Therefore, because Sumrall "has not shown that [he] had the consent of the prosecuting attorney to meet the threshold requirement for petitioning the superior court," the trial court did not err in dismissing Sumrall's petition for retroactive first-offender treatment. *White*, 302 Ga. at 69-70 (2). As such, this claim fails.

2. Sumrall also contends on appeal that the trial court erred in denying his motion to declare OCGA § 42-8-66 (a) (1) unconstitutional under the Georgia and United States Constitutions. We disagree.

In addressing the constitutionality of OCGA § 42-8-66 (a) (1), we recognize that

> *every reasonable construction must be resorted to in order to save a statute from unconstitutionality*. This approach not only reflects the prudential concern that constitutional issues not be needlessly confronted, but also recognizes that the legislature, like this Court, is bound by and swears an oath to uphold the Constitution. The courts will therefore not lightly assume that the legislature intended to infringe constitutionally protected liberties or usurp power constitutionally forbidden it. Therefore, all presumptions are in favor of the constitutionality of an Act of the legislature and before an

Act of the legislature can be declared unconstitutional, the conflict between it and the fundamental law must be clear and palpable and this Court must be clearly satisfied of its unconstitutionality. *Moreover, because statutes are presumed to be constitutional until the contrary appears, the burden is on the party alleging a statute to be unconstitutional to prove it.*

*Barnhill v. Alford*, 315 Ga. 304, 311 (2) (b) (882 SE2d 245) (2022) (citations and punctuation omitted; emphasis supplied). When considering the statute at issue, "we afford the statutory text its plain and ordinary meaning, viewing the statutory text in the context in which it appears, and reading the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would." *Bell v. Hargrove*, 313 Ga. 30, 32 (2) (867 SE2d 101) (2021) (citation and punctuation omitted).

(a) Sumrall first argues that OCGA § 42-8-66 (a) (1) is unconstitutional because the statute purportedly restricts his access to the courts and his right to prosecute and defend his case for first-offender treatment under the Georgia Constitution. In support of Sumrall's argument, he relies on the following provision of the Georgia Constitution: "No person shall be deprived of the right to

prosecute or defend, either in person or by an attorney, that person's own cause in any of the courts of this state." Ga. Const. of 1983, Art. I, Sec. I, Par. XII. Sumrall's argument is unavailing.

"[T]his Court has held that Art. I, Sec. I, Par. XII was never intended to provide a right of access to the courts, but was intended to provide only a right of choice between self-representation and representation by counsel." *Smith v. Baptiste*, 287 Ga. 23, 24 (1) (694 SE2d 83) (2010). The record reflects that Sumrall was able to freely execute that choice here. Additionally — as Sumrall concedes in his briefing — in Georgia, "[m]eaningful access [to the courts] is simply the right of an inmate to raise his claims and be heard." *Gibson v. Turpin*, 270 Ga. 855, 858 (1) (513 SE2d 186) (1999). Sumrall had the right and opportunity to raise his claims and be heard; he simply failed to comply with the plain language of OCGA § 42-8-66 (a) (1) in presenting his claim for retroactive first-offender treatment and failed to "meet the threshold requirement for petitioning to the superior court." *White*, 302 Ga. at 69-70 (2).

As noted above, neither Sumrall, nor any attorney appearing

12

on his behalf, obtained the consent of the prosecuting attorney *before* filing his petition for retroactive first-offender treatment in this case, and the record reflects that Sumrall was not heard on his petition for this very reason. As was in the trial court's discretion, the trial court determined that, because Sumrall did not comply with the threshold consent requirement of OCGA § 42-8-66 (a) (1), no hearing was necessary. And this Court has held that the trial court is "not required to hold a hearing on the petition in this circumstance." *White*, 302 Ga. at 70 (2). See also OCGA § 42-8-66 (b). Given that Article I, Section I, Paragraph XII of the Georgia Constitution does not afford a right of access to the courts and Sumrall has not established that any other provision of the Georgia Constitution affords such a right, his contention that OCGA § 42-8-66 (a) (1) impedes his access to the courts in violation of the Georgia Constitution fails. See *Smith*, 287 Ga. at 24-25 (1) (noting that "no express constitutional 'right of access to the courts'" exists "under the Georgia Constitution") (citation and punctuation omitted).

(b) Sumrall also argues that OCGA § 42-8-66 (a) (1) violates his

First Amendment right to be heard and right of access to the courts under the United States Constitution. Notably, in Sumrall's motion to declare OCGA § 42-8-66 (a) (1) unconstitutional, he did not expound upon this argument, and the trial court denied Sumrall's motion on this basis, concluding that his allegations were "vague" and lacked any "argument in support" thereof "other than [a] cite to the First Amendment" and an unrelated case. We see no error in the trial court's ruling. Even if Sumrall properly preserved this constitutional claim on appeal, see *Gonzalez v. State*, 319 Ga. 787 (906 SE2d 705) (2024), and assuming without deciding that the First Amendment provides a right of access to the courts, for the same reasons delineated above, the plain language of the statute does not deprive Sumrall of a right to be heard or access to the courts under the First Amendment as he alleges, nor has he proven any such deprivation. See *Christopher v. Harbury*, 536 U. S. 403, 414-415 (III) (A) (122 SCt 2179, 153 LE2d 413) (2002) (holding that a claim for deprivation of a constitutional right of access to courts must allege both an underlying cause of action, whether anticipated or lost, and

14

official acts frustrating litigation).

Therefore, because Sumrall has failed to prove that OCGA § 42-8-66 (a) (1) is unconstitutional under either the Georgia Constitution or the United States Constitution, see *Barnhill*, 315 Ga. at 311 (2) (b), we conclude that the trial court properly denied Sumrall's motion to declare OCGA § 42-8-66 (a) (1) unconstitutional.

*Judgment affirmed. All the Justices concur.*

Decided December 10, 2024 — Reconsideration denied January 14, 2025.

Murder, etc. DeKalb Superior Court. Before Judge LaTisha Dear Jackson.

Ammon R. Sumrall, *pro se.*

*Sherry Boston, District Attorney, Deborah D. Wellborn, Lenny I. Krick, Assistant District Attorneys; Christopher M. Carr, Attorney General, Beth A. Burton, Deputy Attorney General, Meghan H. Hill, Clint C. Malcolm, Senior Assistant Attorneys General*, for appellee.